IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KATHERYN DOREY,

        Plaintiff,                        No. CIV S-06-794 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.               ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively.  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated November 10, 2005, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of SLE (systemic lupus erythematosus), fibromyalgia and IBS (irritable bowel syndrome) but these impairments do not meet or medically equal a listed impairment; plaintiff retains the residual functional capacity to perform sedentary work with certain limitations; plaintiff cannot perform her past relevant work; based on the testimony of a vocational expert, there are other jobs in significant numbers that plaintiff can perform; and plaintiff is not disabled. Administrative

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1  Transcript ("AT") 22-23.  Plaintiff contends the ALJ improperly rejected the opinion of a treating
2  physician, improperly discredited plaintiff's testimony and that of her husband, and posed an
3  incomplete hypothetical to the vocational expert.
4  II.  Standard of Review
5        The court reviews the Commissioner's decision to determine whether (1) it is
6  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
7  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
8  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
9  Substantial evidence means more than a mere scintilla of evidence, but less than a
10 preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
11 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
12 reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402
13 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
14 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,
15 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
16 detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
17 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
18 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
19 substantial evidence supports the administrative findings, or if there is conflicting evidence
20 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
21 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
22 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
23 1335, 1338 (9th Cir. 1988).
24 /////
25 /////
26 /////

III. Analysis

    A. Treating Physician's Opinion

Plaintiff contends the ALJ improperly discounted the opinion of her treating physician, Dr. Johal. The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id., at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

In an auto immune disorder residual functional capacity questionnaire dated October 5, 2004, plaintiff's treating physician, Dr. Johal, opined that plaintiff could sit and stand/walk for less than two hours in an eight hour work day. AT 211-215. The ALJ rejected

4

this opinion in favor of the testifying expert, Dr. Toomajian, who opined to functional limitations consistent with sedentary work. AT 20, 338-339. In discounting Dr. Johal's opinion, the ALJ noted that Dr. Johal conceded there was no definitive diagnosis underlying the functional limitations assessed by Dr. Johal. AT 20, 211. The ALJ also found Dr. Johal's assessment undermined by the lack of objective findings from other doctors indicating no evidence of connective tissue disease, no inflammation of joints, no obvious neurologic abnormalities and no evidence of muscle atrophy or spasms. AT 20, 221, 250. Given the lack of objective findings, the ALJ appropriately concluded Dr. Johal's opinion was based on plaintiff's subjective complaints, which as discussed below, the ALT properly found not totally credible. The ALT may reject an opinion premised on plaintiff's properly discredited subjective complaints. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ also rejected Dr. Johal's opinion because it appeared this physician was acting more as an advocate of the plaintiff rather than as an objective treating physician, given that Dr. Johal's medical records did not support such a restrictive opinion. AT 21. Dr. Johal is a physician with the Family Doctor Medical Group; the records from that practice comprise 52 pages, many of which are lab reports. AT 176-196, 268-298. Review of the records confirms the validity of the ALJ's conclusion that Dr. Johal's records do not support the degree of limitation he assessed. See Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992) (physician acting as advocate may be appropriately factored into analysis). The reasons set forth by the ALJ are specific and legitimate and Dr. Toomajian's opinion is supported by the medical evidence. The ALJ properly discounted Dr. Johal's opinion.

    B. Credibility

Plaintiff also contends her testimony was improperly discredited. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v.

Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff testified to pain in her neck, back, shoulders, hip and buttocks and that she suffered "really bad" headaches and fatigue. AT 357-358, 367. The ALJ credited plaintiff's testimony but only to the extent it was consistent with the capacity to perform sedentary work.

AT 21.  In partially crediting plaintiff's testimony, the ALJ rejected the opinions of the state agency physicians, concluding those physicians did not properly consider plaintiff's subjective complaints.  AT 21, 172.  However, while crediting some degree of functional limitation due to plaintiff's subjective complaints, the ALJ found plaintiff partially incredible to the extent plaintiff claimed she could not perform even sedentary work.  AT 21.  In doing so, the ALJ considered plaintiff's activities of daily living, which included cooking, taking care of four children, driving and walking.  AT 21, 93-95, 96-104.  The ALJ properly found these activities to be consistent with a sedentary exertional level.  The ALJ also considered the medical records, which indicated primarily symptomatic treatment.  AT 21.  The factors considered by the ALJ all were valid and supported by the record.  The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

      C.  Laywitness Testimony

        Plaintiff further contends the ALJ did not properly evaluate the testimony of plaintiff's husband.  "[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment."  Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition).  "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."  Dodrill, 12 F.3d at 919.

        Plaintiff's husband testified that plaintiff's activity level had been severely circumscribed since she had begun having the medical problems she asserted as the basis of disability.  AT 377-379.  The ALJ expressly acknowledged this testimony but set forth germane reasons for discounting the testimony.  As with plaintiff's testimony, the ALJ found the husband's testimony to be consistent with sedentary work, a finding supported by the record and the husband's oral testimony.  AT 96-104, 134, 377-379.  The ALJ also appropriately concluded

the husband's testimony regarding the reasons for the diminished activity level was unduly based on plaintiff's subjective complaints, which were properly discredited. AT 20, 21. There was no error in the ALJ's analysis of the lay witness testimony.

  D.  Hypothetical Posed to Vocational Expert

Finally, plaintiff contends the hypothetical posed to the vocational expert was incomplete because it did not specifically include limitations due to pain. Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant. Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value. DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole. Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

The hypothetical posed to the vocational expert expressly incorporated the limitations assessed by Dr. Toomajian. AT 338-339, 381. Dr. Toomajian's opinion was formulated after review of the medical record. To the extent the record indicated pain and fatigue, the residual functional capacity accommodated these nonexertional limitations. Moreover, the hypothetical utilized an even more restrictive functional capacity than that assessed by the state agency physicians, which was based on plaintiff's main complaint of fatigue, rather than pain. AT 172. Plaintiff's treating physician, Dr. Johal, also did not indicate chronic pain as the basis for the limitations he assessed. AT 211. The ALJ was under no obligation to include nonexertional limitations that were properly discredited. There was no error in the hypothetical posed to the vocational expert.

/////

/////

1  The ALJ's decision is fully supported by substantial evidence in the record and
2  based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:
3       1. Plaintiff's motion for summary judgment or remand is denied, and
4       2. The Commissioner's cross-motion for summary judgment is granted.
5  DATED: September 30, 2007.

_____
U.S. MAGISTRATE JUDGE

10  006
    dorey.ss